In re Robert D. TAYLOR and Doris J. Taylor, Debtors.

The CITY OF KANSAS CITY, KANSAS, Plaintiff,

v.

Robert D. TAYLOR and Doris J. Taylor, Defendants.

Bankruptcy No. 93–22265–7–jtf. Adv. No. 95–6066.

United States Bankruptcy Court, D. Kansas.

July 3, 1996.

910

James L. Farmer, Kansas City, Kansas, for debtors.

Edward H. Powers, Sr., Kansas City, Kansas, for City of Kansas City, Kansas.

*MEMORANDUM OPINION*[1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

In a condemnation proceeding brought by the City of Kansas City, Kansas, the state court authorized payment of an appraisers' award to the Taylors for the taking of their property. After the clerk of the court paid the money to the Taylors, a jury reduced the award on appeal. To recoup the overpayment, the court entered judgment against the Taylors as authorized by the eminent domain statute. The City contends the judgment is not dischargeable because it is the product of either fraud, defalcation by a fiduciary, willful or malicious injury, or is a fine, penalty or forfeiture. Does the judgment to recover the overpayment fall within any of these categories of nondischargeable debts?

Under the Kansas eminent domain statute, K.S.A. § 26-501 et seq., appraisers make the initial award for the taking of property. In this instance, they awarded the Taylors $26,200, and the Taylors appealed the award to the District Court of Wyandotte County, Kansas.

To become immediately vested with title to and possession of the condemned property, the City was required by K.S.A. § 26-507 to pay the $26,200 appraisers' award to the Clerk of the District Court, which it did. The Taylors then applied for the funds under K.S.A. § 26-510(b) and the court ordered its clerk to pay them the $26,200. The clerk complied. Later, after a jury heard the evidence on appeal, it reduced the Taylors' award to $10,000. To recoup the overpayment, as permitted by K.S.A. § 26-511(a), the court granted the City judgment against the Taylors for $16,200, the difference between the $26,200 appraisers' award and the jury award of $10,000. The Taylors timely appealed to the Kansas Supreme Court, requesting that a supersedeas bond be set. Before the Taylors posted the bond, however, they filed this Chapter 7 case and listed the $16,200 judgment debt in their schedules. The judgment debt will therefore be discharged unless it falls within one of the exceptions to discharge.

The City filed a § 523 dischargeability complaint, alleging that the bankruptcy discharge does not operate on the judgment because: (1) it represents a debt obtained by false pretenses, a false representation or actual fraud, [§ 523(a)(2) ]; (2) it is a debt for fraud or defalcation while acting in a fiduciary capacity, [§ 523(a)(4) ]; (3) it is a debt for willful and malicious injury by the debtor to another entity or to the property of another entity, [§ 523(a)(6) ]; and (4) it is a debt for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty [§ 523(a)(7) ].

The Taylors moved for summary judgment. There are no disputed issues of material fact about whether the City's factual allegations bring the $16,200 judgment debt

1. The plaintiff, the City of Kansas City, Kansas, appears by its attorney, Edward H. Powers, Sr., Kansas City, Kansas. The debtors/defendants,

Robert D. Taylor and Doris J. Taylor, appear by their attorney, James L. Farmer, Kansas City, Kansas.

within any of the foregoing subparagraphs of § 523(a).[2]

The City's fraud allegation consists of the assertion that the Taylors filed this Chapter 7 case to use the bankruptcy automatic stay in place of the supersedeas bond, which it suggests they either could not post or did not want to post. The Taylors were solvent debtors, it says, who filed bankruptcy for the purpose of avoiding repayment to the condemnor. According to the City, the filing of the bankruptcy petition itself constitutes fraud within § 523(a)(2).

■ To come within § 523(a)(2), however, a debt must be "obtained by" false pretenses, a false representation, or actual fraud. These fraudulent statements or acts must lead to or induce the incurring of the debt. Since the state court entered the judgment against the Taylors before they filed their appeal to the Supreme Court, before they applied for the fixing of a supersedeas bond, and before they filed their bankruptcy petition, these events could not have obtained or induced the debt for which the judgment was entered. Obviously, these actions cannot operate to make § 523(a)(2) applicable here, even if they were done with fraudulent intent.

■ To bring the judgment debt within § 523(a)(4), the City must show that the Taylors hold the $16,200 as fiduciaries and that they committed fraud or defalcation while acting in that capacity, or that they committed embezzlement or larceny. Yet, the eminent domain statute itself says nothing about overpayments being held in trust. Since the Taylors obtained the $16,200 by applying to the state court for an order directing the clerk to pay them the money, as expressly authorized by K.S.A. § 26–510(b), they cannot have acted fraudulently or illegally; consequently, § 523(a)(4) does not apply.

Although it designated § 523(a)(6) as a ground in its complaint, the City makes no argument that its allegation, if proven, would come within this subsection. And the allegation does not say the Taylors have imposed any willful or malicious injury on the City.

■ Section 523(a)(7) excepts from discharge a fine, penalty or forfeiture payable to and for the benefit of a governmental unit. The City has not characterized its claim as a fine or a penalty, nor has it offered any reasons why it arises from a "forfeiture."

■ Finally, the City contends it is entitled to reimbursement for the overpayment merely because it was acting under its power of eminent domain. But, the condemnation statute itself does not support this contention. Rather, it permits the payment to the Taylors and establishes the granting of a judgment as the method of recoupment when the court finds that there has been an overpayment. This procedure implies that the Taylors' obligation to repay is of the kind regularly discharged in bankruptcy, an unsecured debt reduced to judgment.

The City's principal argument goes to whether the Taylors filed their bankruptcy petition in bad faith, not to the dischargeability of the judgment debt. But this position should have been advanced at the beginning of the case by a motion to dismiss for bad faith filing. The Court could then have dismissed the case if the evidence showed that the Taylors were solvent debtors who were using the Code and the vagaries of the state eminent domain statute in bad faith to avoid a debt arising from a two-party dispute. No such showing has been made and no such relief is appropriate.

Common sense and sound policy counsel that the Taylors should not be allowed to retain $16,200 more than a jury has found the taking of their property to be worth. But the Kansas eminent domain statute permits this result by allowing the Taylors to withdraw the appraisers' award without posting a bond for its repayment and by characterizing the obligation to reimburse

---

**2.** The parties have stipulated in the Final Pretrial Conference Order that the Court has jurisdiction over the parties and subject matter of the action; that venue in this district is proper; that all necessary and indispensable parties are joined; and that the Court may try this adversary proceeding to final judgment. The Court finds independently of the stipulation that this proceeding is core under 28 U.S.C. § 157 and that the Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D.Kan.Rule 83.8.5).

overpayments as an ordinary unsecured debt collectable by civil judgment.

Since its enactment in 1963, it has been apparent that the statute places the risk of loss on the condemnor. In a 1963 speech, which was later published, the Honorable Marion Beatty noted while comparing the newly enacted law with the old law that the condemnor might not recover an overpayment:[3]

Property owners can still draw down the awards without prejudicing their right to appeal as before. Under this new Act, though, the Highway Commission may no longer, with affidavit as to its estimate of the value of the land taken, prevent him from drawing more than just that amount. The condemnor must pay in the full amount of the appraisers' award and take a chance on getting some of it back in case the final verdict is for less.

There have been some cases in which the Highway Commission has lost on this deal, not being able to get the money back from a property owner after the property owner got his hands on it. The condemnor runs that risk.

The City has failed to show that its judgment debt fits within any of the exceptions to discharge spelled out in § 523. Accordingly, the Taylors' motion for summary judgment must be and it is hereby sustained.

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.

**3.** Marion Beatty, *The Eminent Domain Procedure*    *Act,* 32 J.B.A.K. 125, 130 (1963).